CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 11 2014

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ANTHONY LEE BELCHER, | ) | CASE NO. 7:13CV00517 |
| | ) | |
| Petitioner, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| COMMONWEALTH OF VIRGINIA, | ) | By: James C. Turk |
| | ) | Senior United States District Judge |
| Respondent. | ) | |

Anthony Lee Belcher, a federal inmate proceeding pro se, brings this action as a petition for a writ of habeas corpus under 28 U. S. C. § 2254. The court construes his petition as challenging the validity of his 1993 Virginia conviction for arson, based on allegations that Virginia authorities breached the plea agreement by failing to ensure concurrent credit against his federal sentence.[1] Upon review of the record, the court summarily dismisses the petition as untimely filed.

I

Belcher states that he was convicted in the Washington County Circuit Court, pursuant to a written plea agreement, on a charge of arson. Records also indicate that Belcher pleaded guilty in this court on June 29, 1993, to possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g). See United States v. Belcher, Case No. 1:92CR00051. Belcher claims that on August 11, 1993, according to the terms of his state plea agreement, the Circuit Court sentenced him to a term of 20 years in prison, with 15 years suspended, with the state sentence to run

---

[1] Belcher also asserts in this petition that he should receive credit against his federal sentence for time served in state custody. He states, however, that he has pursued such credit in a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in another federal court. Moreover, because Belcher is not confined in Virginia, this court could not address any claim under § 2241 regarding federal sentence credit. See In re Jones, 226 F.3d 328, 332 (4th Cir. 2000).

concurrent to the not-yet imposed federal sentence. Belcher did not appeal this state court judgment. On August 23, 1993, this court entered judgment, sentencing Belcher to 180 months in prison for his federal conviction.

The federal sentencing order is silent as to its relationship to Belcher's state sentence. After this court imposed sentence, federal authorities returned Belcher to state officials, and he was ultimately transported to a state prison facility to serve his state sentence. Federal court records available online indicate that Belcher was released on parole from his state sentence on August 1, 2005.[2] Federal officials then took custody of him, and he began serving his federal sentence. The Federal Bureau of Prisons ("BOP") calculated Belcher's federal sentence as commencing on the date of his state parole release on August 1, 2005, and did not credit the time served in state prison against his federal sentence.

Belcher then began a campaign to obtain credit against his federal sentence for his state prison time. His submissions indicate that on February 8, 2008, and twice since then, the BOP has denied his administrative request for a "nunc pro tunc designation" so as to allow him the desired credit against his federal sentence. In December of 2010, Belcher filed his § 2241 petition in federal court in Tennessee, seeking sentence credit. That petition was denied on May 23, 2011, and his 2013 motion for reconsideration was denied on January 28, 2014. Belcher also filed motions in this court, unsuccessfully seeking federal sentence credit.

On February 14, 2013, Belcher returned to the Washington County Circuit Court. In his original criminal case, No. 92-193, he filed a "Motion to Correct the Impairment of the Contractual Obligation Plea Agreement," demanding specific performance of the plea agreement to obtain concurrent credit on his state and federal sentences. After the Circuit Court denied the

---

[2] See Belcher v. Castillo, Case 2:10CV02885-JPM-tmp (W.D. Tenn. May 23, 2011) (opinion denying relief under § 2241).

2

motion, Belcher appealed to the Supreme Court of Virginia, which denied relief on June 5, 2013.[3]

Belcher signed and dated his § 2254 petition on October 28, 2013. The court filed the petition on the condition that he pay or consent to payment of the $5.00 filing fee and provide information concerning the timeliness of his petition under 28 U.S.C. § 2244(d). When the court did not receive any response from Belcher within the allotted time, by order entered November 25, 2013, the court dismissed the petition without prejudice. On November 27, 2013, the court received Belcher's response and consent to the filing fee, signed and dated on November 8, 2013. Stamps on the envelope indicated that Belcher timely mailed his consent and response, but used the court's former, post office box address, which delayed the court's receipt of the mailing.

By order entered December 10, 2013, the court reopened the § 2254 case. Belcher's original response concerning the timeliness of his petition failed to provide specific information about when he learned the facts necessary to bring his current habeas claim. Accordingly, the court directed him to provide within ten days any additional information concerning "how and when [he] learned that he had not received any credit against his federal sentence for time served on his concurrent state sentence; when and how he tried to verify that he would receive credit; and why he could not have discovered the sentence credit problem earlier." (Order 2, Dec. 10, 2013.) Belcher then filed additional information on timeliness, detailing his efforts to obtain concurrent sentence credit.

---

[3] To the extent that Belcher is asking this court to perform appellate review of the state courts' denial of relief on this motion to enforce the plea agreement, his claim has no merit. Lower federal courts do not have jurisdiction to review the judgments of state courts on appeal. Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997). See also District of Columbia Ct. App. v. Feldman, 460 U.S. 462, 482-86 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413, 415-16 (1923). Jurisdiction for appellate review of state court judgments lies exclusively with superior state courts and, ultimately, with the United States Supreme Court. 28 U.S.C. § 1257; Plyler, 129 F.3d at 731.

In his § 2254 petition, Belcher asserts that state officials breached his 1993 plea agreement by failing to ensure that his state sentence actually did run concurrent with his federal sentence. As a result of this failing, Belcher did not receive any credit against his federal sentence for time served on the state sentence. He asserts that he remains in custody on his state court sentence, for which his parole was revoked, and he now seeks habeas corpus relief from his state conviction on the ground that his guilty plea was not valid.

II

A person seeking to bring a habeas corpus challenge to the validity of his confinement under a state court judgment has one year to file such a petition, starting from the latest of the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A). Under 28 U.S.C. § 2244(d)(2), the one-year filing period is tolled while an inmate's "properly filed application for State post-conviction or other collateral review" is pending. If the district court gives the defendant notice that the motion appears to be untimely and allows him an opportunity to provide any argument and evidence regarding timeliness, and the defendant fails to make the requisite showing, the district court may summarily dismiss the petition. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

4

Belcher's petition is clearly untimely filed under § 2244(d)(1)(A). Because he did not appeal the 1993 Washington County conviction for arson, that conviction became final 30 days later, on September 10, 1993. His one-year period under § 2244(d)(1)(A) to file a § 2254 petition began running on that date and expired on September 12, 1994. Belcher did not file his § 2254 petition before that date and does not identify any properly filed application for state post-conviction review filed or pending during that time so as to toll the filing period. Therefore, his petition is untimely under Subsection A.

Belcher apparently argues that his statutory filing period for this petition should be calculated under § 2244(d)(1)(D)—from the date on which he discovered the facts necessary to his habeas claim about the breach of his plea agreement. For purposes of this petition, the court will assume that Belcher could not have claimed a breach of his state plea agreement until the BOP issued its initial decision on February 8, 2008, denying federal sentence credit for his state prison time. Even so, if Belcher's one-year filing period under § 2244(d)(1)(D) started from the date of this BOP decision, his filing period under that subsection expired on February 9, 2009. Belcher does not identify any state post-conviction review filed or pending between February of 2008 and February of 2009 that tolled the filing period under § 2244(d)(2). Certainly, his 2013 motion in the Circuit Court, filed years after this filing period expired, cannot provide grounds for tolling under § 2244(d)(2). Thus, analysis of Belcher's claim under § 2244(d)(1)(D) does not render timely his current § 2254 petition.

Belcher also does not demonstrate that his petition is timely under § 2244(d)(1)(B), based on removal of a Constitutional impediment, or under § 2244(d)(1)(C), based on a right newly recognized by United States Supreme Court. Finally, Belcher does not demonstrate grounds for equitable tolling. To warrant equitable tolling, the defendant must "establish[ ] two elements: (1)

that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." Lawrence v. Florida, 549 U.S. 327, 336 (2007) (internal quotation marks and citation omitted). While Belcher has been diligent in seeking the desired sentence credit through administrative remedies and state court motions, he fails to demonstrate that these efforts or any other extraordinary circumstance prevented him from filing a timely § 2254 petition challenging the validity of his state guilty plea. Thus, the court cannot find grounds on which his limitation period should be equitably tolled.

For the reasons stated, the court dismisses Belcher's petition as untimely filed. The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 11th day of February, 2014.

*/s/ James C. Turk*
Senior United States District Judge